**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

RALPH SLAUGHTER                                           CIVIL ACTION NO. 3:09-00190

VERSUS                                                    JUDGE ELIZABETH ERNY FOOTE

DALE ATKINS, ET AL.                          MAGISTRATE JUDGE KAREN HAYES

## ORDER

Before the Court is a Motion To Stay Proceedings by Defendants, the Board of Supervisors of Southern University and Agricultural and Mechanical College (the "Board"), Tony Clayton ("Clayton") and Lea Montgomery ("Montgomery") [Record Document 235]. The motion was opposed by Plaintiff, Ralph Slaughter ("Slaughter") [Record Document 238]. Defendants Clayton, Montgomery and the Board replied. [Record Document 239]. For the reasons that follow, the Defendants' motion is hereby **GRANTED**. This matter is **STAYED** pending resolution of the state court case.

## BACKGROUND FACTS

The instant litigation arises out of the termination of Slaughter from his former position as President of the Southern University System and the alleged retaliation against Slaughter by the Board and some of its members. On April 3, 2009, Slaughter filed the instant suit, alleging that the Defendants conspired to punish him and force him from his position as President of Southern, in retaliation for the filing of the original federal litigation, for engaging in activity protected by Title VII, and for providing testimony and evidence in connection with the original federal litigation.[1] Specifically, Slaughter alleges that the

---

[1] Record Document 42, pp. 1-2, ¶ 2, which supplements and amends ¶ 17 on p. 5 of the original complaint [Record Document 1]. At the time Slaughter filed his Complaint, he named the Board, Clayton, Montgomery, Dale Atkins and Johnny Anderson as Defendants [Record Document 1]. Ms. Atkins and Mr.

Defendants have violated Title VII,[2] 42 U.S.C. §§ 1983 and 1985(2) and (3), as well as state laws for the torts of intentional infliction of emotional distress and abuse of rights.

On April 3, 2009, Slaughter also filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[3] In that suit, Slaughter named only the Board as a Defendant. Slaughter argued that the Board engaged in "reprisal" in the termination and non-renewal of his contract, in violation of Louisiana Revised Statute 23:967, because he instituted the original federal litigation and provided testimony and evidence in connection with the original federal litigation.[4] The state court suit was dismissed with prejudice on August 21, 2014.[5] Slaughter then filed a Motion and Order for Suspensive Appeal to the Louisiana First Circuit Court of Appeals on September 2, 2014.[6] On September 8, 2014, Defendants filed this Motion To Stay Proceedings, arguing that in order to avoid the waste of judicial, state and private resources, and the possibility of inconsistent verdicts, this Court should stay these proceedings until the state court judgment is final.[7]

Defendants argue that the state court judgment will have res judicata effect once it is final, and therefore, if Plaintiff's appeal of the state court judgment is unsuccessful, they

---

Anderson have been dismissed from this suit. [Record Documents 158 and 237].

[2] Title VII of the Civil Rights Act is codified at 42 U.S.C. § 2000e, *et seq.*

[3] Record Document 235-3.

[4] Id. at ¶ 52.

[5] Record Document 235-5.

[6] Record Document 235-6.

[7] Record Document 235.

will seek to amend their pending Motion for Summary Judgment[8] on the grounds that the present action is barred by res judicata.[9] Thus, Defendants seek to have this case stayed until the state court judgment is finalized.

Plaintiff argues that a stay in this case is inappropriate because res judicata will not apply to the case at hand, even if the state court judgment is affirmed by the state appellate court.[10] Plaintiff argues that res judicata is inapplicable because the parties in the two cases are different and each case has a different cause of action. Plaintiff notes that the state court suit names only the Board as a Defendant, whereas the pending federal litigation names the Board, Clayton and Montgomery as Defendants.[11] The Plaintiff also states the state court cause of action is based on "reprisal" in violation of Louisiana state statute and the current federal litigation is based upon "retaliation" in violation of Title VII.[12] Additionally, Plaintiff argues that he will be subject to a prejudicial delay if this Court grants a stay.[13]

Defendants' reply to Plaintiff's opposition argues that, upon a final judgment in favor of the Defendants in the state court case, res judicata would be in effect for the current federal litigation.[14] Defendants argue that "a federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of law of the state whose

---

[8] Record Document 146.

[9] Record Document 235.

[10] Record Document 238.

[11] Record Document 238, p. 4.

[12] Id.

[13] Id. at p. 5.

[14] Record Document 239-2.

decision is set up as a bar to further litigation"[15] and cite Louisiana Revised Statute §13:4231, which provides the Louisiana law of res judicata.[16] Defendants note that the central inquiry in reviewing a claim of res judicata is whether the second action asserts a cause of action that arises out of the transaction or occurrence which was the subject matter of the first action.[17]

The Defendants state that there is an identity of parties between the state and federal actions because Montgomery and Clayton have been sued in their official capacities in the pending federal action.[18] Defendants also argue that while the causes of action are not identical, they both arise out of the same transaction or occurrence, as required under Louisiana res judicata law.[19]

Therefore, Defendants believe that when the state court judgment is affirmed, they will be entitled to res judicata on any pending federal law claims. Additionally, Defendants

---

[15] Record Document 239-2, p. 2. (quoting Hernandez v. City of Lafayette, 699 F.2d 734, 736 (5th Cir. 1982)).

[16] Id. La. R.S. § 13:4231 states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

[17] Record Document 239-2, p. 3. (citing Tate v. Prewitt, 33,895 (La. App. 2 Cir. 9/27/2000) 769 So. 2d 800, 803).

[18] Record Document 239-2, p. 3. (citing Hudson v. City of Bossier, 33,620 (La. App. 2 Cir. 8/25/00) 766 So. 2d 738, 743 and Forum for Equality PAC v. McKeithen, 2001-OC-2551 (La. 1/19/05) 893 So. 2d 738, 745).

[19] Record Document 239-2, p. 5.

note that Plaintiff is the party who sought relief in two different courts, and they are the parties who will be prejudiced if they are forced to spend time and resources to defend against identical allegations while suffering the risk of possibly inconsistent verdicts.[20]

## LAW AND ANALYSIS

A federal district court has discretionary power to stay its hand pending the outcome of a parallel state action as part of the court's inherit power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." PPG Industries, Inc. v. Continental Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)(quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "[A]n order merely staying [an] action 'does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996)(quoting Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29 (1959)). In Glen Oaks Utilities, Inc. v. City of Houston, the Fifth Circuit held that "since an appeal was pending from the state court judgment, it would have been improper to dismiss the federal action on the ground of res judicata, but it was proper that the proceedings in the federal court be stayed until final termination of the proceedings in the state court." 208 F.2d 330, 334 (5th Cir. 1960).

Here, the Plaintiff has argued that this Court should not grant Defendants' Motion To Stay because res judicata would be inapplicable to the case at hand, even if the state appellate court affirms the state trial court's judgment. In their briefs to this Court, both Plaintiff and Defendants have applied the law of res judicata to the state court action and the pending federal action.

---

[20]Record Document 239-2, p. 6.

This Court finds that it is premature to engage in a res judicata analysis of the two cases because there has not been a final judgment in the state court proceedings. However, Defendants have made a compelling case that res judicata may be appropriate once the state court judgment is finalized.

For reasons of efficiency and the avoidance of waste, a federal district court is authorized to stay a matter while a parallel state case is on appeal. Defendants are persuasive in their argument that staying this matter would be a productive and efficient discharge of this Court's judicial duty. The Court finds that there is sufficient cause to believe that until a final judgment is reached in state court, continued litigation of this matter would be inefficient and wasteful. Therefore, the Court holds that a stay of proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Proceedings [Record Document 235] is hereby **GRANTED**. This matter is **STAYED** pending resolution of the state court case.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 24th day of September, 2014.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE